## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STELIOS COUTSODONTIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4285** |
| **M/V ATHENA, *IN REM*, ET AL** | **SECTION: "S" (2)** |

## REASONS FOR VACATING ORDER

On September 12, 2008, the court granted the Motion to Vacate Rule B and Rule D Attachment and Arrest of Vessel by defendant Sea Trade Maritime Corporation (Doc. #10).  The court's reasons are as follows:

## BACKGROUND

On August 27, 2008, plaintiff Stelios Coutsodontis filed a verified complaint, invoking this court's admiralty jurisdiction pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and seeking a warrant for the arrest of the M/V ATHENA, placing the vessel under the custody and control of the U.S. Marshal.  This court issued an order authorizing a warrant of arrest.[1]  Defendant, Sea Trade Maritime Corporation, seeks

---

[1] On August 29, 2008, plaintiff Hellenic Mutual War Risks Association (Bermuda) Limited filed against Sea Trade Maritime Corporation a verified complaint, seeking security for arbitration awards in its favor, and seeking an attachment of the M/V ATHENA pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. The court ordered the issuance of an attachment pursuant to Local Admiralty Rule 4.1 A.  *See Hellenic Mutual*

to have the arrest vacated.

Plaintiff alleged in his complaint that Sea Trade Maritime Corporation is the registered owner of the M/V ATHENA and that equal shares of Sea Trade are owned by Anna Peters and plaintiff. Plaintiff alleges that he is in possession of a certificate representing 250 shares of Sea Trade's 500 shares.[2] Plaintiff argues that by virtue of his 50% stock ownership in Sea Trade, he is also the 50% owner of the M/V ATHENA.  Plaintiff claims that defendants Anna Peters and George Peters have "refus[ed] to provide plaintiff with information as to the vessel's whereabouts and its voyages," and refused "to deliver to plaintiff his rightful share of the profits generated by the vessel during the last five years."[3] Plaintiff further claims that the "M/V ATHENA has generated profits in excess of [$25 million] during the last three years, none of which has been delivered to plaintiff as required by his 50% ownership interest."[4]  Plaintiff prays "that the petitory and possessory actions by plaintiff be granted and that plaintiff be declared to be a true owner and legal titleholder of the ATHENA and that plaintiff is entitled to equal possession of the vessel."[5]

Sea Trade filed a motion to vacate the attachment and arrest of the vessel, claiming that this court lacks subject matter jurisdiction because plaintiff is not asserting a maritime claim.  Sea Trade alternatively argues that plaintiff's alleged shareholder status does not entitle plaintiff to bring a

_War Risks Ass'n (Bermuda) Ltd. v. Sea Trade Maritime Corp._, No. 08-4314 (E.D. La.  Aug. 29, 2008).

[2]Plaintiff asserts that he inherited the shares via testament of his sister, Athena Eliades, who died on January 1, 2003.

[3]_See_ Paragraph X of Plaintiff's Verified Complaint.

[4]_See_ Paragraph XII of Plaintiff's Verified Complaint.

[5]_See_ prayer of Plaintiff's Verified Complaint.

possessory and petitory action under Rule D, because title in the *res* itself, not shares of stock in a corporation which owns the *res*, is necessary for plaintiff to invoke Rule D.[6]

On September 17, 2008, the court held a post-arrest hearing pursuant to Rule E (4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[7]

## ANALYSIS

Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims provides:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

.

---

[6]Sea Trade argues that plaintiff's shareholder's status is unresolved and subject to two lawsuits, one in New York and another in Greece. The suit in New York resulted in the trial court holding that there was no *inter vivos* gift of the Sea Trade shares to plaintiff and finding that the shares "were wrongfully removed" after plaintiff's sister's death; this decision was affirmed by the intermediate appellate court and no further action was taken. *Coutsodontis v. Peters*, No. 05-600511 (Sup. Ct. N.Y.  Feb. 6, 2006), aff'd, (N.Y. App. Div. Apr. 10, 2007). The other suit is ongoing and concerns plaintiff's shareholder status under the testamentary laws of Greece. During oral argument, counsel for Sea Trade argued that an order to vacate is warranted even if the plaintiff is a considered a shareholder because plaintiff has not articulated a maritime claim.

[7]Rule E (4)(f) of the Supplemental Admiralty Rules provides:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to who why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Rule D requires the existence of admiralty jurisdiction and if limited to maritime claims.[8]  "In the absence of admiralty jurisdiction ... these remedies [possessory, petitory and partition actions pursuant to Rule D] are not available."[9]

"The mere fact that a ship is involved will not bring the cause within the jurisdiction of the admiralty court."[10]  To invoke admiralty jurisdiction in a contract dispute, the underlying contract must be a maritime contract.[11]  A maritime contract is a "contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment[.]"[12]  Not every contract that touches incidentally on maritime activities is a maritime contract; for maritime character to attach, there must be a direct and proximate juridical link between the contract and the operation of the ship.[13]

"It has long been the law, as stated by Judge L. Hand, 'that a court of admiralty will not entertain a suit for an accounting as such: as, for example, and accounting between co-owners of a vessel, or between maritime adventurers, or between principal and an agent, and so on.'"[14] "A court

_____

[8]*Silver v. The Sloop Silver Cloud*, 259 F. Supp. 187, 190 (S.D. N.Y. 1966).

[9]*Cary Marine, Inc. v. M/V Pappillon*, 872 F.2d 751, 754 (6th Cir. 1989)(footnote omitted).

[10]*Richard Bertram & Co. v. The Yacht Wanda*, 447 F.2d 966, 967-68 (5th Cir 1971).

[11]*J.A.R., Inc., v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992).

[12]*Id.* (citing *Thurmond v. Delta Well Surveyors*, 836 F.2d 952, 954 (5th Cir. 1988) and *quoting Benedict on Admiralty*, §183, at 11-6 (7th ed. 1985)).

[13]*J.A.R., Inc.*, 963 F.2d at 98 (citations omitted).

[14]*Economu v. Bates*, 222 F. Supp. 988, 991 (D.C. N.Y. 1963)(vacating attachment because dispute between co-owners as to whether freight monies derived from operation of vessel was misappropriated was not maritime claim) (*citing W.E. Hedger Transp. Corp v. Ira S. Bushey & Sons*, 155 F.2d 321, 323 (2d Cir.), *cert. denied*, 329 U.S. 735 (1946).  *See also The Managua*, 42 F. Supp. 381 (S.D. N.Y. 1941) (partnership dispute over ownership of vessel by

of admiralty takes cognizance of certain questions between part owners, as to the possession and employment of the ship, but will not assume jurisdiction in matters of accounting between them."[15]

### 2. Motion to Vacate

The sole alleged basis for federal jurisdiction is admiralty. Thus, this court cannot maintain the attachment and arrest unless this court has admiralty subject matter jurisdiction.

Plaintiff's claim is not based on a maritime contract "relating to a ship in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment[.]"[16] Further, plaintiff makes no claim of a maritime tort. Plaintiff's sur-reply urges for the first time that the M/V ATHENA was mismanaged, but plaintiff's verified complaint upon which the attachment and arrest relies, makes no mention of mismanagement.

It is clear from plaintiff's verified complaint that the nature of this dispute is over the division of profits that have been earned by Sea Trade.[17] While this dispute concerns a vessel, that alone does not color a maritime claim. Further, while the earnings may have been made from the operation of the vessel, plaintiff admits in his sur-reply that the no "formal" contract exists between the parties

---

virtue of plaintiff's status as a partner was not a maritime claim); *Fathom Expeditions, Inc. v. M/T Gavrion*, 402 F.Supp. 390 (D.C. Fla. 1975)(finding dispute concerning division of profits in joint ventur not a maritime claim and beyond admiralty jurisdiction); *Percy v. Suchar*, 2001 WL 228434 (D. Me. 2001)(*citing The Managua* with approval and holding that Rule D did not apply to dispute because defendant had sole legal title).

[15]*Ward v. Thompson*, 63 U.S. 330, 333 (1859)(holding that dispute concerning distribution of profits from steamboat business not cognizable in admiralty).

[16]*Id. (citing Thurmond v. Delta Well Surveyors*, 836 F.2d 952, 954 (5th Cir. 1988) and *quoting Benedict on Admiralty*, §183, at 11-6 (7th ed. 1985)).

[17]*See* Paragraphs X and XII of Plaintiff's Verified Complaint.

5

regarding the management of the vessel.[18]   Under these circumstances, this dispute over an

accounting is not a maritime claim and thus, is not subject to this court's admiralty jurisdiction.[19]

The motion to vacate is **GRANTED.**

New Orleans, Louisiana, this   16th  day of September, 2008.


_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[18]*See J.A.R., Inc*., 963 F.2d 96 (holding that dispute between vessel purchaser and builder as to ownership was not a maritime claim, noting that arbitration as to ownership was ongoing); *Stathos v. The Maro*, 134 F. Supp. 330 (D.C. VA. 1955)(petitory suit must be based on legal title and not an equitable interest).  *See also William P. Brooks Const. Co., Inc. v. Guthrie*, 614 F.2d 509, 510 (5th Cir. 1980) (plaintiff's possessory claim over vessel was maritime because plaintiff was  undisputed titleholder of record).

[19]*Economu*, 222 F. Supp. at 991.  *See also W.E. Hedger Transp. Corp,* 155 F.2d at 323; *The Managua*, 42 F. Supp. at 381; *Fathom Expeditions, Inc.*, 402 F.Supp. at 390; *Percy,* 2001 WL 228434 (D. Me. 2001).

Defendants' alternative argument that plaintiff has no basis for bringing a Rule D motion because of his ownership  of stock in Sea Trade is not addressed because of the finding that this claim is not subject to this court's admiralty jurisdiction.

6